# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 14, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**BRUCE A. BUZZARD,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1238** (BOR Appeal No. 2047069)
(Claim No. 850052143)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**DENART COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bruce A. Buzzard, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a March 27, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 9, 2010, decision granting Mr. Buzzard a 1% permanent partial disability award for his left thumb injury. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Buzzard worked as a supply man for Denart Coal Company. On January 3, 1985, Mr. Buzzard fractured his left thumb when a piece of timber fell on his hand. The claims administrator held the injury compensable. After a course of treatment, Bruce A. Guberman, M.D., performed an independent medical evaluation and found that there were no range of motion abnormalities related to his left thumb injury. Saghir R. Mir, M.D., then performed an independent medical evaluation and found that Mr. Buzzard had mild restriction in the range of motion of the left thumb. Dr. Mir determined that Mr. Buzzard had 1% whole person impairment. On July 9, 2010, the claims administrator granted Mr. Buzzard a 1% permanent partial disability award based on Dr. Mir's recommendation. Yogesh Chand, M.D., also performed an independent medical evaluation of Mr. Buzzard. Dr. Chand found that Mr. Buzzard had moderate osteoarthritis and bilateral carpal tunnel syndrome in the left wrist. Dr. Chand believed that Mr. Buzzard's carpal tunnel syndrome was more severe in the left wrist and his left thumb fracture had contributed to this condition. Dr. Chand then found that Mr. Buzzard had 3% upper extremity impairment for his left thumb and 10% upper extremity impairment for his carpal tunnel syndrome which he converted to 8% whole person impairment. ChuanFang Jin, M.D., then performed an independent medical evaluation and found that Mr. Buzzard had 1% whole person impairment relating to his January 3, 1985, injury. Dr. Jin found that Mr. Buzzard's sensory deficits were not consistent with median nerve distribution and that his carpal tunnel syndrome was bilateral, which Dr. Jin believed suggested a non-traumatic etiology unrelated to the compensable injury. On March 27, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on September 21, 2012, leading Mr. Buzzard to appeal.

The Office of Judges concluded that the claims administrator's decision should be affirmed. The Office of Judges determined that there was no reliable evidence demonstrating that Mr. Buzzard was entitled to more than a 1% permanent partial disability award in this claim. The Office of Judges found that, of the four impairment evaluations in the record, Dr. Chand's recommendation was an outlier and was not supported by the weight of the evidence. The Office of Judges determined that Mr. Buzzard's carpal tunnel syndrome was not a compensable condition of the claim and was not causally related to his left thumb fracture. The Office of Judges noted that Mr. Buzzard did not develop symptoms of carpal tunnel syndrome until sixteen years after the date of the injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Buzzard has not demonstrated that he is entitled to a greater than 1% permanent partial disability award for his left thumb injury. The record indicates that the only compensable condition of the claim is the fracture of Mr. Buzzard's left thumb. The reports of Dr. Mir and Dr. Jin show that Mr. Buzzard has mild range of motion restrictions resulting in 1% whole person impairment relating to this injury. Mr. Buzzard has not demonstrated that his bilateral carpal tunnel syndrome is causally related to his left thumb injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II